# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING; and BARBARA SIKKING, | Case No.:  18cv634-MMA (JMA) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| RICHARDSON GRISWOLD; and SAN DIEGO CITY ATTORNEY'S & CODE E, | |
| Defendants. | [Doc. No. 3] |

On March 28, 2018, Plaintiffs Jeff Sikking and Barbara Sikking filed this action, and simultaneously filed a motion to proceed *in forma pauperis* ("IFP").  Doc. Nos. 1, 3.

## DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00 *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 1914(b)).  The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

After reviewing Plaintiffs' application to proceed IFP, the Court finds that Plaintiffs have not made and adequate showing that they lack the financial resources or assets to pay the costs of commencing this action. Plaintiffs receive a total combined monthly income of $9,850.00. Doc. No. 3 at 2. Plaintiffs also have a combined balance of $1,088.00 in two checking accounts and a savings account. *Id.* Even further, Plaintiffs own a home valued at $6,000,000.00, other real estate valued at $1,200,000.00, and two cars valued at $3,500.00 and $900.00 respectively. *Id.* at 3. Plaintiffs report monthly expenses of $9,750.00. *Id.* at 4-5. As such, Plaintiffs' monthly income exceeds their monthly expenses by at least $100.00. *See id.* at 2-5. Additionally, Plaintiffs note that their monthly income might suffer greatly or increase greatly in the future. *Id.* at 5. Finally, Plaintiffs indicate a willingness to pay an attorney $80,000.00 to assist them with this case. *Id.*

Based on this information, and particularly in light of Plaintiffs' real estate assets, bank account balances, and monthly income, the Court cannot conclude that paying the court filing fees would impair Plaintiffs' ability to obtain the necessities of life. *See Riegel v. Colvin*, No. 15-CV-1342 W (MDD), 2015 U.S. Dist. LEXIS 102117, at *1 (S.D. Cal. Aug. 4, 2015) (denying the plaintiff's IFP motion where she had "a net-positive monthly household source of money of approximately $170.00" and the filing fee was $400.00); *Clark v. Soc. Sec. Appeals Council*, No. 16cv2710-JLS (AGS), 2017 U.S. Dist.

LEXIS 15728, at *2 (S.D. Cal. Feb. 3, 2017) (denying IFP motion where Plaintiff received $5,500 monthly but reported having no money in any bank account); *Morris v. Dep't of the Navy*, No. 17-CV-1000 JLS (AGS), 2017 U.S. Dist. LEXIS 95106, at *2-4 (S.D. Cal. June 20, 2017) (denying IFP motion where Plaintiff and his spouse had a combined monthly income of $11,848, monthly expenses of $10,209, owned two real estate properties valued at a combined total of $850,000, owned two cars valued at a combined total of $17,500, had a total savings of $5,000, and were willing to pay $10,000 for an attorney).

Accordingly, the Court **DENIES** Plaintiffs' motion to proceed IFP.  Doc. No. 3; *see* Civ. L.R. 3.2.  On or before **May 14, 2018**, Plaintiffs must pay the requisite $400.00 filing fee.  If Plaintiffs do not pay the required filing fee by the above date, this case will be dismissed.

**IT IS SO ORDERED**.

Dated:  March 29, 2018

Hon. Michael M. Anello
United States District Judge