# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING; and BARBARA SIKKING,<br><br>         Plaintiffs,<br><br>v.<br><br>RICHARDSON GRISWOLD; and SAN DIEGO CITY ATTORNEY'S & CODE E,<br><br>         Defendants. | Case No.: 18cv634-MMA (JMA)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 6] |

Presently before the Court is Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59 of this Court's March 29, 2018 Order denying Plaintiff's motion to proceed *in forma pauperis* ("Order"). Doc. No. 6.

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

Plaintiffs contend the Order contains several inaccuracies, which require the Court to grant their motion to proceed *in forma pauperis* ("IFP"). Doc. No. 6 at 2-4. First,

Plaintiffs contend "the court incorrectly stated that: '. . . plaintiffs own a $6,000,000 (6 million) piece of property.'" *Id.* at 2. Plaintiffs state that their "home is at best work $500,000 on its best day, more like to be in the upper $400,000 . . . ." *Id.* Second, Plaintiffs contend the Court incorrectly stated that "' . . . Plaintiffs have two (2) bank accounts that have a total of $1,080 in them . . . .'" *Id.* at 2. Plaintiffs concede that they do have that amount in their accounts, but that they must pay bills from that account, which will leave them with $60 to $70. *Id.* at 3. Third, Plaintiffs assert that the Court "failed to recognize that on one property there are five (5) tenants who pay rent. Out of the five tenants only three (3) have been paying rent . . . ." *Id.* at 3. Fourth, Plaintiffs state that the Court incorrectly stated that "' . . . plaintiffs are willing to pay an attorney $80,000 to assist them . . .'" *Id.* at 3. Plaintiffs assert that this is "totally incorrect" because they are seeking an injunction against an attorney who has "gouged plaintiffs charging them double sometimes triple times for services he has not rendered." *Id.*

After reviewing the instant motion, the Order, and the underlying motion to proceed IFP, the Court concludes that it did not err. For example, Plaintiffs' motion to proceed IFP does in fact state that the value of Plaintiff's home is $6,000,000.00, that Plaintiffs' bank accounts contain $1,088.00, that no person, business, or organization owes Plaintiffs' money, and that they have or will spend $80,000.00 for expenses or attorney fees in conjunction with this lawsuit. Doc. No. 3.

However, even if Plaintiffs' motion to proceed IFP included the information contained in the instant motion, the Court would still deny IFP status to Plaintiffs. As discussed in the Order, Plaintiffs receive a total combined monthly income of $9,850.00, have other real estate valued at $1,200,000.00, and two cars valued at $3,500.00 and $900.00 respectively. Doc. Nos. 4, 3 at 2-3. As stated in the instant motion, Plaintiffs also have a home conservatively valued between $400,000.00 and $500,000.00. Doc. No. 6 at 2. Plaintiffs' total monthly expenses of $9,750.00, which includes costs associated with the bills referenced in the instant motion, is still $100.00 less than Plaintiff's monthly income. *See* Doc. Nos. 3, 6. As a result, the Court still cannot

conclude that paying the court filing fees would impair Plaintiffs' ability to obtain the necessities of life. *See Riegel v. Colvin*, No. 15-CV-1342 W (MDD), 2015 U.S. Dist. LEXIS 102117, at *1 (S.D. Cal. Aug. 4, 2015) (denying the plaintiff's IFP motion where she had "a net-positive monthly household source of money of approximately $170.00" and the filing fee was $400.00); *Clark v. Soc. Sec. Appeals Council*, No. 16cv2710-JLS (AGS), 2017 U.S. Dist. LEXIS 15728, at *2 (S.D. Cal. Feb. 3, 2017) (denying IFP motion where Plaintiff received $5,500 monthly but reported having no money in any bank account); *Morris v. Dep't of the Navy*, No. 17-CV-1000 JLS (AGS), 2017 U.S. Dist. LEXIS 95106, at *2-4 (S.D. Cal. June 20, 2017) (denying IFP motion where Plaintiff and his spouse had a combined monthly income of $11,848, monthly expenses of $10,209, owned two real estate properties valued at a combined total of $850,000, owned two cars valued at a combined total of $17,500, had a total savings of $5,000, and were willing to pay $10,000 for an attorney).

Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration. Doc. No. 6. Plaintiffs are reminded that on or before **May 14, 2018**, Plaintiffs must pay the requisite $400.00 filing fee. If Plaintiffs do not pay the required filing fee by the above date, this case will be dismissed.

**IT IS SO ORDERED**.

Dated: April 18, 2018

Hon. Michael M. Anello
United States District Judge