# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING; and BARBARA SIKKING, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARDSON GRISWOLD; SAN DIEGO CITY ATTORNEY'S; and CODE ENFORCEMENT, <br><br> Defendants. | Case No.: 18cv634-MMA (JMA) <br><br> **ORDER: (1) GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS; AND (2) DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** <br><br> [Doc. Nos. 2, 13] |

Plaintiffs Jeff and Barbara Sikking filed this action against Defendants Richardson Griswold and the San Diego City Attorney's & Code seeking an injunction "halt[ing the Receiver from] any sale of [Plaintiffs'] property [located at 4814 Auburn Dr., San Diego, CA]." *See* Doc. No. 1 at 7. Plaintiffs also filed a motion for an injunction seeking the same relief. *See* Doc. No. 2. On May 14, 2018, Defendant Richardson Griswold, the court appointed Receiver, filed a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that he is immune from this lawsuit, the court should abstain under the *Younger* doctrine, the Court lacks subject matter jurisdiction, and because Defendant was sued in his individual capacity and not as a receiver. Doc. No. 13. The Court set the motion for hearing on June 18,

2018, meaning that Plaintiffs were required to file a response in opposition on or before June 4, 2018. *See* Civ. L.R. 7.1.e.2 (stating that "each party opposing a motion . . . must file that opposition or statement of non-opposition . . . not later than fourteen (14) *calendar* days prior to the noticed hearing"). Plaintiffs did not file an opposition brief or a statement of non-opposition in response to Defendant's motion to dismiss. *See* Docket. On June 11, 2018, the Court took Defendant Griswold's motion to dismiss under submission. Doc. No. 15. In response, Plaintiffs filed a motion, which the Court construed as a motion for an extension of time to file a response in opposition to Defendant's motion to dismiss. Doc. No. 17. Accordingly, the Court ordered Plaintiffs to file a response in opposition to Defendant Griswold's motion to dismiss on or before July 9, 2018. Doc. No. 18. The Court specifically warned Plaintiffs that "[*p*]*ro se* status does not excuse a litigant from full participation in litigation. Like all litigants, *pro se* litigants are bound by and expected to comply with the local rules of this District and the Federal Rules of Civil Procedure." *Id.* at 2. The Court further warned that failure to oppose a motion to dismiss permits the Court to grant the motion as unopposed. *Id.* Despite the warning, Plaintiffs have not filed an opposition brief or a statement in non-opposition in response to Defendant's motion to dismiss. *See* Docket. Based on Plaintiffs' failure to oppose the motion, Defendant Griswold requests the Court grant his motion. *See* Doc. No. 19.

The Ninth Circuit has held that a district court may grant an unopposed motion to dismiss where a local rule permits, but does not require it to do so. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Here, Civil Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting

Defendant's motion on the basis of Plaintiffs' failure to oppose.[1]  Generally, public policy favors disposition of cases on their merits.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward toward resolution on the merits when the plaintiffs fail to defend their complaint against a Rule 12 motion.  Accordingly, the Court **GRANTS** Defendant's unopposed motion to dismiss, and **DISMISSES** Plaintiffs' claims as to Defendant Richardson Griswold without prejudice.[2]  The Clerk of Court is instructed to terminate this action as to Defendant Richardson Griswold.

**IT IS SO ORDERED**.

Dated:  July 24, 2018

Hon. Michael M. Anello
United States District Judge

---

[1] Also, Plaintiffs' failure to comply with the provisions of Civil Local Rule 7.1.e.2 constitutes a failure to comply with the provisions of this Court's Local Rules, which serves as an additional basis for dismissal under Civil Local Rule 41.1.b.

[2] Because Plaintiffs' motion for injunctive relief seeks only to stop the receiver from selling the property, the Court also **DENIES** Plaintiffs' motion for an injunction.  *See* Doc. No. 2.