# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING; and BARBARA SIKKING, <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO CITY ATTORNEY'S and CODE ENFORCEMENT, <br><br> Defendants. | Case No.: 18cv634-MMA (JMA) <br><br> **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On July 31, 2018, the Court ordered Plaintiffs Jeff Sikking and Barbara Sikking (collectively, "Plaintiffs") to show cause why their Complaint should not be dismissed for lack of subject matter jurisdiction on or before August 17, 2018. Doc. No. 21 at 2. To date, Plaintiffs have not filed a response. *See* Docket.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Mootness "is a question of subject matter jurisdiction." *CW Gov't Travel, Inc. v. United States*, 46 Fed. Cl. 554, 556 (2000). "Federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Foster v. Carson*, 347 F.3d

1

18cv634-MMA (JMA)

742, 745 (9th Cir. 2003) (citations omitted). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted). The central issue in any mootness challenge is whether changes in the circumstances existing when the action was filed have forestalled any meaningful relief. *See West v. Sec'y of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) ("[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.").

Plaintiffs seek to enjoin a state court-appointed receiver from selling their property located at 4814 Auburn Street, San Diego, CA. *See* Doc. No. 1. Plaintiffs' attached a letter to their Complaint, dated March 23, 2018, from the receiver, which explains that the state court approved the sale of the property and that the close of escrow is anticipated "in the next week." *Id.* at 9. Additionally, the San Diego County Recorder's website indicates that a deed of trust was recorded on May 1, 2018 where the Grantor was Defendant and Receiver, Richardson Griswold, and the Grantee was 4Nothing LLC. Assessor/Recorder/County Clerk, https://arcc-acclaim.sdcounty.ca.gov/search/SearchTypeParcel (last visited June 15, 2018). Moreover, the Court granted as unopposed Defendant Griswold's motion to dismiss and denied Plaintiff's motion for a preliminary injunction to stop the Receiver from selling the property. Doc. No. 20. As this injunctive relief is the only relief sought by Plaintiffs in the Complaint, the Court finds that the Complaint is now moot.

Accordingly, the Court **DISMISSES** this case without prejudice for lack of subject matter jurisdiction. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated: August 28, 2018

Hon. Michael M. Anello
United States District Judge